IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

BOB D. CROZIER and KAREN K. CROZIER

    Plaintiffs,

v.

STANLEY L. WINT,

    Defendant.

Case No. 6:11-CV-03347-GAF

**DEFENDANT STANLEY L. WINT'S
SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Stanley L. Wint, by counsel, and pursuant to Rule 56, offers the following Suggestions in Support of Motion for Summary Judgment:

**UNCONTROVERTED MATERIAL FACTS**

1. Plaintiffs are the holders of a promissory note dated July 5, 2004 (the "Note"). (Ex. A, p. 3; the Note).

2. The makers of the Note are Scott and Jammie Miller (the "Makers"). (Ex. A, p. 3; the Note)

3. Defendant is a co-signer on the Note. (Ex. A, p. 3; the Note).

4. The Note was secured by collateral including a Kawasaki Mule and a 1987 Chevrolet pickup truck. (Ex. A, p. 3; the Note, and Ex. B; Form UCC-1).

5. The Makers failed to make all payments as required by the Note. (Ex. C; Dep. Bob Crozier 47:18-48:12).

6. The Makers voluntarily surrendered to Plaintiffs certain collateral secured by the Note, including the Kawasaki Mule (Ex. C; Dep. Bob Crozier 53:1-7) and the pickup truck (Ex. C; Dep. Bob Crozier 56:10-18).

7. Plaintiffs sold the Kawasaki Mule (Ex. C; Dep. Bob Crozier 53:8-9) and the pickup truck (Ex. C; Dep. Bob Crozier 55:18-56:4).

8. Plaintiffs applied the proceeds from the sale of the Kawasaki Mule to the balance owed on the Note. (Ex. C; Dep. Bob Crozier 54:13-20).

9. Plaintiffs did not provide notice to Defendant before Plaintiffs sold the Kawasaki Mule (Ex. C; Dep. Bob Crozier 61:5-11, 62:3-22 and Ex. D; Dep. Karen Crozier 11:25-12:11) or the pickup truck (Ex. C; Dep. Bob Crozier 62:23-63:5).

10. Plaintiffs filed this lawsuit against Defendant seeking a deficiency judgment against Defendant for the balance owed under the Note after applying the proceeds from the sale of the Kawasaki Mule. (Ex. A; Petition, and Ex. C; Dep. Bob Crozier 71:23-72:2).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing that no genuine issue of material fact exists and that the moving party is entitled to judgment. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the moving party makes its initial showing, however, the nonmoving party may not rest on his pleadings, but must come forward with "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

2

judgment; the requirement is that there be no *genuine* issue of *material* fact. *See, e.g.,* Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson, 477 U.S. at 247.

## ARGUMENT

Defendant is entitled to Summary Judgment on Plaintiffs' claim for a deficiency judgment on the Note because Plaintiffs failed to provide notice to Defendant before Plaintiffs sold collateral securing the Note. Because Plaintiffs admit they failed to provide notice, and because Missouri law plainly requires such notice in order to sue for a deficiency on a promissory note, Defendant is entitled to judgment as a matter of law.

### I. Missouri's "No Notice—No Deficiency" Rule

Under Missouri's "No Notice—No Deficiency" rule, a lender must give advance notice to the debtor/guarantor of the sale of secured collateral; otherwise, the lender is barred from collecting any deficiency on the underlying promissory note. Cherry Manor, Inc. v. American Health Care, Inc., 797 S.W.2d 817, 820 (Mo. App. S.D., 1990). "Missouri appellate courts have held that before a secured party can obtain a deficiency against a debtor, the debtor must be given notice of what is about to occur; i.e., a notice that a sale of the personal property collateral is going to be held as required by the Uniform Commercial Code and particularly § 400.9-504(3). The failure to receive notice prevents a deficiency judgment."[1] Id.

"[I]t is clear that the law is settled in Missouri that a creditor's failure to give notice of the sale of collateral precludes a deficiency judgment." Id. at 821 (citing U.S. v. Friesz, 690 F.Supp. 843, 844 (E.D. Mo. 1988)). See, also, McKesson Corp. v. Colman's Grant Village, Inc., 938 S.W.2d 631, 632 (Mo. App. E.D. 1997) ("[T]he failure to give notice bars [the note holder] from

---
[1] RSMo §400.9-504(3) has since been re-codified as § 400.9-611 (See Ex. E, p. 2, n. 1: "Source. Former Section 9-504(3)").

3

recovering a deficiency judgment on the promissory notes."); NationsBank, N.A. v. Follis, 15 S.W.3d 421, 423 (Mo. App. S.D. 2000) ("A secured creditor seeking a deficiency judgment bears the burden of proving compliance with the notice requirement…."); Victory Hills L.P. I v. NationsBank, N.A., 28 S.W.3d 322 (Mo. App. W.D. 2000) (affirming summary judgment on deficiency claim where notice requirements were not met).

"The Federal Courts have recognized Missouri's adherence to the 'No Notice-No Deficiency' rule, Executive Financial Services v. Garrison, 722 F.2d 417, 418 (8th Cir.1983), and that '[i]t is settled law in Missouri that a creditor's failure to give notice of the sale of collateral precludes a deficiency judgment.'" Cherry Manor at 821, quoting Chemical Sales Co., Inc. v. Diamond Chemical Co., 766 F.2d 364, 369 (8th Cir.1985).

Not just any notice will suffice—there must be strict compliance with the notice statute (RSMo § 400.9-611) in order to obtain a deficiency judgment. McKesson Corp. v. Colman's Grant Village, Inc., 938 S.W.2d 631, 633 (Mo. App. E.D. 1997). "*Strict compliance* is required because deficiency judgments after repossession of collateral are in derogation of common law. In other words, since deficiency judgments were unheard of at common law, the right to a deficiency judgment accrues only after *strict compliance* with the relevant statute." Id. (emphasis added, internal citations omitted).

The creditor must provide notice of the sale even if the debtor voluntarily surrenders the collateral. "Voluntary surrender of the collateral by the debtor to the creditor does not waive the debtor's right to notice and the statutory notice provision may not be waived or varied." Cherry Manor at 821.

Further, a guarantor (or co-signer) is entitled to the same notice as the primary debtor if the lender seeks a deficiency judgment from the guarantor (or co-signer). "A guarantor is a

4

debtor within the meaning of § 400.9-504(3) and is, therefore, entitled to notice the same as the maker of the note." Cherry Manor at 821.

**II. Application of Missouri's "No Notice—No Deficiency Rule" to this Case**

In the instant case, Plaintiffs' claim for a deficiency judgment is barred because Plaintiffs did not provide notice to Defendant before selling the secured collateral. Accordingly, summary judgment is appropriate.

Plaintiffs are holders of the Note that Defendant signed as a co-signer. (SOF 1, 3). The Note was secured by collateral, including a Kawasaki Mule and a 1987 Chevrolet pickup truck. (SOF 4). The Makers stopped making payments on the Note, and voluntarily surrendered the Kawasaki Mule and pickup truck to Plaintiffs. (SOF 5-6). Plaintiffs sold the Kawasaki Mule and the pickup, and applied the sale proceeds from the Kawasaki Mule to the balance of the Note. (SOF 7-8). Plaintiffs did not provide notice to Defendant before the sales. (SOF 9). Plaintiffs now seek a deficiency judgment against Defendant for the balance of the Note. (SOF 10).

Plaintiffs cannot obtain a deficiency judgment against Defendant because they failed to provide notice to Defendant before Plaintiffs sold the collateral. (SOF 9), Cherry Manor, Inc. v. American Health Care, Inc., 797 S.W.2d 817, 820 (Mo. App. S.D., 1990), Executive Financial Services v. Garrison, 722 F.2d 417, 418 (8th Cir.1983); and Chemical Sales Co., Inc. v. Diamond Chemical Co., 766 F.2d 364, 369 (8th Cir.1985).

Plaintiffs were obligated to provide notice of the sale even though Makers voluntarily surrendered the secured collateral. (SOF 5), Cherry Manor at 821. Further, a guarantor such as Defendant is entitled to notice as well. (SOF 3), Id.

The facts material to this Motion for Summary Judgment are straight-forward and not in dispute. Overwhelming Missouri case law makes clear that, under these straight-forward facts,

5

Plaintiffs simply cannot obtain a deficiency judgment against Defendant. Consequently, Defendants are entitled to judgment as a matter of law.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant prays that this Court grant his Motion for Summary Judgment.

Respectfully submitted,

BURMEISTER GILMORE LLP

/s/ Brett T. Burmeister
Brett T. Burmeister     #58921
Truman Law Building
14701 East 42nd Street S.
Independence, MO 64055
(816) 373-5590
(816) 373-2112 (fax)
brett@trumanlaw.net
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by electronic filing with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Brett T. Burmeister
*Counsel for Defendant*